# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARTA MENESES SERNA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-cv-03359 ) |
| DENNIS SEARS, et al., | ) Judge Andrea R. Wood ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marta Maneses Serna has sued Defendants Dennis Sears, a police officer for the Village of Bannockburn ("the Village"), Ronald Price, Chief of Police of the Village's Police Department, and the Village itself. Serna asserts three causes of action in her Third Amended Complaint ("Complaint"): a state law claim for battery against Serna (Count I) and claims under 42 U.S.C. § 1983 against Serna (Count II) and the Village and Chief Price (Count III). The Village and Chief Price have filed a motion to dismiss or, alternatively, to strike the requests for punitive damages in Counts II and III, and to dismiss Count III in its entirety for failure to state a claim. (Dkt. No. 57.) For the reasons stated below, the Court denies Defendants' motion to dismiss but grants the motion to strike.

## BACKGROUND

The following facts are taken from the Complaint and accepted as true for the purposes of the present motion. Serna alleges that on September 2, 2012 she was driving her car westbound on Half Day Road near the intersection of Telegraph Road in the Village, when Sears, a police officer employed by the Village, initiated a traffic stop. (*Id.* ¶¶ 2, 5.) At the time, Serna was returning from a wedding. (*Id.* ¶ 10.) Sears ordered Serna to exit her vehicle and then performed

a series of field sobriety tests. (*Id.* ¶ 6.) The encounter between Sears and Serna took place behind Serna's vehicle and in front of Sears's squad car on the shoulder of the road. (*Id.* ¶ 11.) Sears informed Serna that she was being placed under arrest for suspicion of driving under the influence of alcohol, placed a handcuff on her left hand, and began to handcuff her right hand. (*Id.* ¶¶ 12, 13.) At that point, Serna turned her body to face Sears to ask why she was being arrested. As she turned, Sears employed a leg-whip technique to throw Serna to the ground, face down with her front pressed to the ground. (*Id.* ¶¶ 14, 15.)

According to Serna, as a result of Sears's actions, she lost consciousness, suffered a severe head injury, lost three teeth from her upper jaw, sustained permanent nerve damage in her face, and continues to suffer loss of sensation and difficulty with mandibular function. (*Id.* ¶ 20.) Serna further alleges that the takedown technique employed by Sears was justified and authorized pursuant to the Village Police Department's use of force policy, and that Price was responsible for the execution and implementation of that policy as the final policymaking authority. (*Id.* ¶¶ 40, 41.)

Serna filed this lawsuit against Sears, Price, and the Village, seeking compensatory and punitive damages from all of the defendants along with costs and attorney's fees. The Village and Price moved to dismiss or strike the punitive damages claims against them in Counts II and III pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). In addition, the Village and Price ask that Count III, Serna's claim for liability pursuant to *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

**DISCUSSION**

The basic pleading requirement is set forth in Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the short and plain statement must contain sufficient factual allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, this Court views it in the light most favorable to the plaintiff, "taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

**I.     Punitive Damages**

As pleaded in the Complaint, Serna seeks to recover punitive damages against Sears in his "individual and official capacity as a Bannockburn Police Officer," as well as against Chief Price and the Village. (Compl. ¶¶ 7, 9, Dkt. No. 54.) The Village and Chief Price move to strike this request because lawsuits against a municipal official in his or her official capacity are construed as suits against the municipality, *see Yeksigian v. Nappi,* 900 F.2d 101, 103 (7th Cir. 1990), and municipalities are generally immune from punitive damages in § 1983 actions, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). In her response brief, Serna concedes that she may recover punitive damages from Sears in his individual capacity only. (Pl.'s Resp. at 1, Dkt. No. 59.) Accordingly, the motion to strike Serna's claims for punitive damages against the Village, Price, and Sears in his official capacity is granted.

## II.    *Monell* **Claim**

In Count III of the Complaint, Serna asserts a *Monell* claim against the Village and Price. To plead a claim under this theory successfully, Serna must allege one of the following: (1) an express written policy caused the constitutional deprivation at issue; (2) the constitutional injury resulted from a decision made by a municipal employee with final policymaking authority; or (3) the constitutional deprivation resulted from such a widespread practice of the municipality that it constitutes custom with the virtue of law. *Monell,* 436 U.S. at 690-91; *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000).

For her *Monell* claim, Serna first alleges that her injuries resulted from a decision made by a municipal employee with final policymaking authority—namely, Price. (Compl. ¶ 41, Dkt. No. 54.) For liability to attach under this prong of *Monell*, Serna must prove that "the constitutional injury was caused by a person with 'final policymaking authority.'" *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (quoting *Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994)). The final policymaker must have deliberately chosen the course of action in question. *Rusinowski v. Vill. Of Hillside*, 835 F. Supp. 2d 641, 651 (N.D. Ill. 2011) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

Here, Serna alleges that Price "was responsible for the execution and implementation of the express written use of force policy of the Bannockburn Police Department, and had final decision-making authority regarding the execution and implementation of the policy." (Compl. ¶ 41, Dkt. No. 54.). But even assuming that Price was the final decision maker, he cannot be held responsible for Serna's alleged constitutional injury here, where a subordinate officer, Sears, was the only individual "even arguably responsible." *See Donovan v. City of Milwaukee*, 17 F.3d 944, 954 (7th Cir. 1994) (a cause of action based on the "final policymaker" prong of *Monell*

4

cannot proceed where "the only individuals even arguably responsible for the alleged constitutional violations were subordinate police officers who clearly were not vested with any final policy making authority."). Thus, Serna cannot proceed on this theory.

Alternatively, Serna seeks to proceed on an "express policy" theory of *Monell* liability. The Village and Price argue that Serna fails to state a claim based on that theory as well because the Complaint offers nothing more than "boilerplate language" that "does not refer to or cite any language in the 'express written use of force policy'" that would allow the Court to draw the reasonable inference that the Village established a policy or practice authorizing officers to use excessive force. (Def.'s Mot. at 3-4, Dkt. No. 57.) The Court disagrees.

There is no heightened pleading requirement for *Monell* claims. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168-69 (1993). "[P]laintiffs need not 'allege all, or any of the facts logically entailed by the claim . . . . A plaintiff does not have to plead evidence . . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.'" *Payton v. Rush Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 626-27 (7th Cir. 1999) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (internal citation omitted). Courts in this District repeatedly have affirmed these principles post-*Twombly*. *See, e.g.*, *Eckert v. City of Chicago*, No. 08 C 7397, 2009 WL 1409707, at *6 (N.D. Ill. May 20, 2009); *Jones v. Bremen High Sch. Dist. 228*, No. 08 CV 3548, 2009 WL 537073, at *6 (N.D. Ill. Mar. 4, 2009). Thus, a *Monell* claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pleaded that put the defendants on proper notice of the alleged wrongdoing. *McCormick*, 230 F.3d at 325.

In this case, Serna alleges that Sears's excessive use of force—*i.e.*, the leg-whip—was "justified and authorized pursuant to the express written use of force policy of the Bannockburn Police Department."[1] (Compl. ¶ 40, Dkt. No. 54.) This is more than a mere boilerplate allegation, but rather an assertion that a specific action by a police officer was authorized pursuant to a particular written policy; it is more than sufficient to place the Village and Price on notice of the claim against them. That is all that is required at the pleading stage. The Court denies the motion to dismiss Count III.

## CONCLUSION

For the foregoing reasons, the Court grants the Village and Price's motion to strike Serna's claim for punitive damages against them and against Sears in his official capacity. Serna may recover punitive damages from Sears alone and only in his individual capacity. The Court denies the Village and Price's motion to dismiss the *Monell* claim in Count III of the Complaint.

ENTERED:

Dated: May 29, 2015

_____
Andrea R. Wood
United States District Judge

---

[1] In her response brief, Serna points out that Price testified at his deposition that he "determined that the use of force employed by Officer Sears was justified pursuant to the express written use of force police of the Bannockburn Police Department," thus suggesting the existence of a formal policy. (Pl.'s Resp. at ¶ 15, Dkt. No. 59.)